# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO.: 3:12-CR-68-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff, )<br>vs. )<br>)<br>CHAD SLOAT, )<br>      Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Supplemental Information Regarding Conflict Waiver" (Document No. 41) filed by the Defendant, Chad Sloat, on April 26, 2012. In two installments – March 26, 2012 and April 16, 2012 – the Court conducted an Inquiry to Counsel hearing to explore whether attorney Pete Anderson could properly represent the Defendant consistent with the North Carolina Rules of Professional Conduct. The Court concludes based on the current totality of the circumstances that Mr. Anderson may represent the Defendant, Chad Sloat, and the Court acknowledges Mr. Anderson's general appearance filed April 26, 2012 (Document No. 40).

The Defendant, Chad Sloat, is currently charged along with three co-defendants in a lengthy bill of indictment filed February 22, 2012. (Document No. 1). As stated, Mr. Sloat has retained the services of attorney Pete Anderson, currently of Anderson Law PLLC, to represent him in this matter. Mr. Anderson's prior law firm, Anderson Terpening PLLC, previously represented a defendant in what appears to be a related matter, Mr. James Jordan. Mr. Will Terpening, Mr. Anderson's former law partner at Anderson Terpening PLLC, performed most of the work on Mr. Jordan's case; in fact, Mr. Anderson believes he received little if any confidential information from Mr. Jordan during that representation. Mr. Terpening has moved to another law firm, where he

continues to represent Mr. Jordan, and where he has the entirety of Mr. Jordan's file. It is possible that, if Mr. Sloat's case goes to trial, Mr. Jordan might be called by the government to testify against Mr. Sloat (and therefore, Mr. Anderson would be called upon to cross-examine Mr. Jordan).

Commendably, the parties brought this possible conflict of interest to the Court's attention. It is noteworthy that the government, while certainly interested in this issue being appropriately handled, is <u>not</u> moving to disqualify Mr. Anderson from representing Mr. Sloat. Both Mr. Jordan and Mr. Sloat have reviewed and signed letters setting forth in detail this possible conflict, indicating their desire to waive any conflict and allow Mr. Anderson to represent Mr. Sloat. During the April 16, 2012 installment of the Inquiry to Counsel hearing, the Court conducted an exhaustive colloquy with Mr. Sloat in which he acknowledged the possible conflict on the record and waived the same, clearly stating his desire to have Mr. Anderson represent him in this matter notwithstanding.

Considering all of this, and having reviewed Rules 1.6, 1.7, and 1.9 of the North Carolina Rules of Professional Conduct, the Court concludes that, based on the current circumstances, Mr. Anderson may continue as counsel to the Defendant, Chad Sloat. All counsel are respectfully requested to be vigilant about notifying the Court of any change of circumstances that might warrant further inquiry.

**SO ORDERED**.

Signed: May 10, 2012

David C. Keesler
United States Magistrate Judge