UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12cr68-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v.<br><br>(3) CHAD A SLOAT | )<br>)    **MONEY JUDGMENT**<br>)    **AND PRELIMINARY ORDER OF**<br>)    **FORFEITURE**<br>) |

**THIS MATTER** is before the Court on the Government's Motion for Money Judgment and Preliminary Order of Forfeiture.

Upon review of the record **THIS COURT FINDS AS FOLLOWS:**

On February 22, 2012, Defendant Chad A. Sloat and three other defendants were charged in a Bill of Indictment with securities fraud conspiracy, wire fraud conspiracy, and money laundering conspiracy in violation of Title 18, United States Code §§ 371, 1349, and 1956(h). In summary, Sloat was charged for his role in conducting and promoting the nationwide Ponzi investment fraud conspiracy commonly known as "Black Diamond" whereby hundreds of victims were defrauded and, in some instances, lost their life savings. The Indictment contained a finding of probable cause by the Grand Jury that, for purposes of forfeiture, the proceeds of the conspiracy were approximately $40,000,000. Further, in the related case against Keith Simmons, who was convicted at trial for his role in operating Black Diamond, this Court has already issued a $40,850,071.14 forfeiture money judgment (WDNC Case 3:10CR23; Doc. 40).

On October 17, 2012, this Court entered and accepted (Doc. 96) Sloat's plea of guilty, pursuant to a Plea Agreement (Doc. 88), to the Count One securities fraud conspiracy charged in the Indictment. In his Plea Agreement, Sloat agreed to consent to forfeiture.

Sloat and others collected a net amount of approximately $3,747,130 of the $40,000,000 from victims through Affluent Profusion, a company controlled by Sloat and used to obtain fraud proceeds from Sloat's victims. Accordingly, at the least, Sloat was personally responsible for the receipt of $3,747,130 in proceeds of fraud. In fact, Sloat pled guilty to a Bill of Information charging him with failure to file income tax returns on the proceeds obtained in 2008 and 2009.

Despite diligent searching, law enforcement has not located the $3,747,130 in proceeds obtained by Sloat. However, as set forth in the Affidavit of Special Agent James Meade that is attached to the Government's Motion, in and around August 2013, shortly before Sloat's bond was revoked by this Court, law enforcement identified that Sloat spent exorbitant sums of money on casinos, gambling, high end vehicles, and luxury homes. Further, law enforcement identified that Sloat used Beyond Medicine, LLC, a company of which he was 100% owner, to make such expenditures. Accordingly, law enforcement obtained a Restraining Order from this Court (Hon. Judge David C. Keesler, presiding) against any disposition of assets held by or for the benefit of Beyond Medicine. As a result of execution of the Restraining Order on individuals and entities that did business with and were familiar with Beyond Medicine, such individuals and entities advised law enforcement that the following assets were restrained (hereafter, "the Restrained Assets"):

- Approximately $8,600 in funds held by or for the benefit of Beyond Medicine and in the possession of an entity known as Above & Beyond Medicine, based in Hilton Head Island, South Carolina; and

- Approximately 9000 shares of Organovo Holdings, Inc. held by or for the benefit of Beyond Medicine in an account at TD Ameritrade and valued at approximately $41,159.12.

The Government sought in its Motion a $4,000,000 forfeiture Money Judgment and a Preliminary Order of Forfeiture against any and all interest of Sloat in Beyond Medicine, LLC. At sentencing of this matter, the Government advised the Court that it had reduced its requested Money Judgment to $3,747,130, consistent with the calculations on actual loss in the sentencing materials in this matter.

The Government has satisfied, by a preponderance of the evidence, the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(b)(2)(A), and 21 U.S.C. § 853(p). Specifically, forfeiture of the $3,747,130 securities fraud conspiracy proceeds Money Judgment in this case is supported by the Grand Jury finding of probable cause for a $40,000,000 money judgment; the plea of guilty to securities fraud conspiracy; the information set forth in the tax charges, related to the proceeds of the securities fraud conspiracy; and the documents, including the Affidavit, submitted in support of the Restraining Order. Further, the law and facts support forfeiture of any and all interest of Sloat in Beyond Medicine, LLC as substitute property herein. Pursuant to Rule 32.2, substitute property should be forfeited if the Government has met the statutory criteria. Fed. R. Crim. P. 32.2(b)(2)(A) and (e)(1)(B). As to statutory criteria, 21 U.S.C. § 853(p), rendered applicable to this case by virtue of 28 U.S.C. § 2461(c), renders substitute property subject to forfeiture when, *inter alia*, proceeds cannot be located. As set forth in the attached Affidavit, the proceeds cannot be located despite the exercise of due diligence and, therefore, substitute property is subject to forfeiture. Accordingly, the interest in Beyond Medicine, LLC identified herein is subject to forfeiture as

substitute property in partial satisfaction of the Money Judgment.

**IT IS THEREFORE ORDERED** that, based on the record as described more fully above, this Order shall constitute a $3,747,130 forfeiture Money Judgment for proceeds of the securities fraud conspiracy and shall constitute a preliminary order of forfeiture for any and all interest of Chad A. Sloat in Beyond Medicine, LLC, of which Sloat is 100% owner.

**IT IS FURTHER ORDERED THAT** the Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is directed to serve a copy of this order upon Defendant, Beyond Medicine, Above & Beyond Medicine, and TD Ameritrade and that such individuals and entities remain subject to the restraint previously imposed by this Court in the Restraining Order.

**IT IS FURTHER ORDERED THAT** the Government shall provide notice of this Order in accordance applicable law that any person, other than the defendants, asserting a legal interest in property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property.

Entered this __3__ day of September, 2014.

Hon. Robert J. Conrad
UNITED STATES DISTRICT JUDGE