UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-68

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | **PRELIMINARY** |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| CHAD SLOAT | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture, (Doc. No. 271), in which the Government requests forfeiture of Defendant's Devon Tread One S Watch, Serial Number F0044 ("the Devon Watch" or "the Watch").

Upon review of the record, **THIS COURT FINDS AS FOLLOWS:**

On February 22, 2012, Defendant Chad A. Sloat and three other defendants were charged in a Bill of Indictment, (Doc. No. 1), with securities fraud conspiracy, wire fraud conspiracy, and money laundering conspiracy in violation of Title 18, United States Code §§ 371, 1349, and 1956(h). In summary, Sloat was charged for his role in conducting and promoting the nationwide Ponzi investment fraud conspiracy commonly known as "Black Diamond" whereby hundreds of victims were defrauded and, in some instances, lost their life savings. Sloat ultimately pled guilty via Plea Agreement, (Doc. No. 88), to the Count One securities fraud conspiracy charges and consented to forfeiture.

This Court sentenced Sloat to imprisonment and to pay restitution. (Doc. No. 238: Judgment). The Court also ordered Sloat to pay a $3,747,130 forfeiture Money Judgment, the vast majority of which remains outstanding despite forfeiture of some assets of Beyond

1

Medicine, LLC, an entity previously forfeited from Defendant to the Government as substitute property in this case.[1] (Doc. No. 233: Order).

Following entry of the Money Judgment, Deputy United States Marshal Oleg Mitnitsky (DUSM Mitnitsky) continued to search for assets subject to forfeiture. As a result, and as set forth in the Seizure Warrant, Application, and Affidavit in Support of Seizure Warrant attached to the Government's Motion as Exhibit 1, on November 19, 2014, DUSM Mitnitsky was contacted by a Detective from the Kansas City, Missouri Police Department (KCPD).

The Detective provided DUSM Mitnitsky with an incident report that stated that on October 1, 2014, Dianne Morrison ("Morrison"), Sloat's mother, contacted KCPD and reported a stolen watch. The report states that on April 5, 2014, Morrison gave her son's Devon Tread One S Watch to her son's girlfriend so that the girlfriend could sell it on eBay. The report further states that the girlfriend told Morrison that Sean Sladek, her other boyfriend, stole the Watch from her.

DUSM Mitnitsky reviewed a receipt that Morrison provided to KCPD, which indicates that Sloat purchased the Watch on May 30, 2012 from Tourneau, The Watch Authority, for $19,500 and paid in cash.

DUSM Mitnitsky also examined records that PayPal provided to KCPD that reveal that on June 9, 2014, Sladek sold the Watch via eBay/PayPal to a buyer for $9,500. DUSM Mitnitsky telephonically interviewed the buyer, who stated that, after purchasing the Watch, he discovered that it did not work properly so he mailed it to Devon Works, its manufacturer.

---

[1] The Government advises that the value of the Beyond Medicine, LLC assets seized to-date is approximately $165,441.28, leaving millions outstanding on the Money Judgment. The Government advises that the estimated value of the Devon Watch is $11,000.

According to the incident report, while Devon Works was working on the Watch, Sloat's father tracked its whereabouts and notified Morrison of his findings, who then reported it to the KCPD. According to the KCPD detective, KCPD subsequently contacted both the buyer and Devon Works. DUSM Mitnitsky examined emails between the buyer and KCPD that further corroborated the story.

DUSM Mitnitsky then presented this matter to a United States Magistrate Judge for issuance of the Seizure Warrant, obtained the Warrant, and seized the Watch from Devon Works[2] as set forth in the Return attached to the Government's Motion as Exhibit 2. Now, the Government requests a Preliminary Order of Forfeiture for the Watch on the basis of the facts set forth in the attached Affidavit and the record as a whole.

The law and facts support forfeiture of the Devon Watch. An outstanding forfeiture Money Judgment in the initial amount of $3,747,130 is pending against Defendant. Further, as set forth in Rule 32.2(b)(2)(A), substitute property may be forfeited if the government has met the statutory criteria. The Government's burden of proof on forfeiture is preponderance of the evidence based on evidence and information on the record. Fed. R. Crim. P. 32.2(b)(1)(A); *see United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

Here, the statutory criteria to be met under Rule 32.2(b)(2)(A) are the substitute property provisions of Section 853(p), whereby, *inter alia*, property of a defendant that is not proceeds of crime may be forfeited if the proceeds cannot be located. This Court has already found the substitute property criteria established in its Money Judgment and Preliminary Order of Forfeiture for Beyond Medicine, LLC. (Doc. No. 238: Money Judgment and Preliminary Order of Forfeiture at 3-4). Further, satisfaction of the statutory criteria is set forth in the Affidavit

---

[2] As set forth in the Affidavit, the parties to the transaction in the Watch—including eBay, which reimbursed the buyer of the Watch for his loss—do not appear to claim ownership of the Watch.

wherein DUSM Mitnitsky details that proceeds of the crime have not been located despite diligent investigation and that the Watch is property of Defendant for purposes of Section 853(p)(2). Accordingly, the Devon Watch is subject to forfeiture by a preponderance of the evidence as substitute property.

**IT IS THEREFORE ORDERED** that, based on the record as described more fully above, this Order shall constitute a Preliminary Order of Forfeiture for Defendant's Devon Tread One S Watch, serial number F0044 (identified herein as "the Devon Watch" or "the Watch"), particularly identified in the Government's Motion.

**IT IS FURTHER ORDERED THAT** the Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to take custody of and maintain custody of the Devon Watch in accordance with law.

**IT IS FURTHER ORDERED THAT** the Government shall provide notice of this Order in accordance with applicable law that any person, other than the defendants, asserting a legal interest in property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property.

**IT IS FURTHER ORDERED THAT**, if no petitions are filed for the Watch, then this Preliminary Order of Forfeiture for Defendant's Devon Watch shall become final by operation of law as set forth in Fed. R. Crim. P. 32.2(c)(2) and the Government shall be authorized to dispose of the Watch in accordance with law.

Signed: January 16, 2019

Robert J. Conrad, Jr.
United States District Judge